UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MONICA MATTEO-SALINAS, an individual,

     Plaintiff,

vs.

CAMPUS ELECTION ENGAGEMENT PROJECT INC.,
a Delaware Corporation, and OHIO CAMPUS COMPACT,
an Ohio Corporation,

     Defendants.

_____/

## **COMPLAINT**

1.     Plaintiff, MONICA MATTEO-SALINAS (hereinafter referred to as "Plaintiff" and "MATTEO-SALINAS"), was an employee of Defendants, CAMPUS ELECTION ENGAGEMENT PROJECT INC., a Delaware Corporation (also referred to as "CEEP"), and OHIO CAMPUS COMPACT, an Ohio Corporation (also referred to as "OCC"), and Plaintiff brings this action against CEEP for alleged sex/gender discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.*, alleged age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") as amended, 29 U.S.C. §621 *et seq.*, alleged sex/gender and discrimination and retaliation in violation of the Florida Civil Rights Act, F.S. §760.01 *et seq.*, and against CEEP and OCC for alleged Tax Fraud violations of 26 U.S.C. §7434.

2.     At all times material to this action, MATTEO-SALINAS was an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

1

3.      At all times material to this action, CEEP has operated a national nonpartisan not-for-profit corporation that has worked to help administrators, faculty, staff and student leaders at America's institutions of higher education engage students in federal, state and local elections, with CEEP's main office based in Granville, Ohio.

4.      At all times material to this action, OCC has operated a non-profit coalition of Forty (40) college and university presidents and their campuses while working to promote and develop the civic purposes of higher education, with OCC's main office based in Granville, Ohio.

5.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331, §1332, §1337 and §1367, 42 U.S.C. §2000 *et seq.*, 29 U.S.C. §621 *et seq.*, and 26 U.S.C. §7434.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7.      At all times material to this Complaint, Defendants, CEEP and OCC, directly or indirectly, acted in the interest of an employer toward MATTEO-SALINAS, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff between 2017 and 2021 while she performed duties as a Statewide Organizer in the State of Florida.  Alternately, Defendants, CEEP and OCC, were joint employers of MATTEO-SALINAS because Defendants acted directly or indirectly in the interest of the other in relation to Plaintiff in the course of scope of the work MATTEO-SALINAS performed as a Statewide Organizer in the State of Florida between 2017 and 2021.  As a second alternative, Defendants, CEEP and OCC, were joint employers of MATTEO-SALINAS because they commonly controlled the terms of compensation and/or employment of Plaintiff as a Statewide Organizer in the State of Florida

between 2017 and 2021 and CEEP and OCC were not completely disassociated between 2017 and 2021 with respect to the terms of compensation and/or overall employment of Plaintiff. As a final alternative, Defendants, CEEP and OCC, had a business relationship between 2017 and 2021 under which OCC received funding from CEEP during some or all of the years 2017, 2018, 2019, 2020, and/or 2021, as part of which MATTEO-SALINAS was hired to perform work as a Statewide Organizer in Florida for OCC and CEEP while OCC paid MATTEO-SALINAS's compensation between approximately 2017 and 2020 for the duties Plaintiff carried out as a Statewide Organizer in Florida.

8.    In or around February 2017, CEEP and OCC hired MATTEO-SALINAS as the Statewide Organizer in Florida based upon the hourly rate of $21.00 per hour, see Exhibit A:  OCC Contractual Agreement from February 2017-December 2017 with Florida Statewide Organizer Job Description, with Plaintiff working over the next several years for Defendants through August 2021 to conduct Florida-election assessments throughout the State of Florida—in locations such as Miami, Tampa, Tallahassee, and Orlando—and managing a portfolio of accounts in Florida including, for example, communication, recruiting, and managing students throughout Florida for voter registration and engaging students in federal, state, and local elections across Florida.

9.    At all times material to this Complaint, CEEP and OCC, individually and/or collectively, had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in 2020 and/or 2021.

10.    At all times material to this Complaint, MATTEO-SALINAS was an employee of CEEP and OCC within the meaning of Title VII, 42 U.S.C. §2000e(f), the FCRA, F.S. §760.10(1)(a), and the ADEA, 29 U.S.C. §630(f), 29 U.S.C. §623 and 29 U.S.C. §631.

11.     In connection with the work MATTEO-SALINAS performed for CEEP and OCC between approximately February 2017 and August 2021, and the compensation paid to Plaintiff for the work she performed for Defendants, while OCC issued MATTEO-SALINAS, for example, IRS Forms 1099 for the year 2019 in the amount of $54,016.00 and the year 2020 in the amount of $39,960.00, <u>see</u> Exhibits B and C, and CEEP likewise issued MATTEO-SALINAS an IRS Form W-2 for the year 2020 in the amount of $17,640.00 in gross wages, and the year 2021 in the amount of $37,921.50 in gross wages, <u>see</u> Exhibits D and E—the facts and circumstances of the work MATTEO-SALINAS performed for Defendants throughout her employment between approximately February 2017 and August 2021 reveal and confirm that Plaintiff was an employee of CEEP and OCC under the law at all times material to this action, not an independent contractor, including but not limited to because:

(a) Plaintiff worked on a permanent and continuous basis carrying out her duties as a Statewide Organizer each week between approximately February 2017 and August 2021;
(b) Plaintiff was wholly dependent on Defendants for earning her livelihood between approximately February 2017 and August 2021;
(c) Plaintiff had no opportunity for profit or loss dependent upon any unique managerial skill of Plaintiff between approximately February 2017 and August 2021;
(d) Defendants exercised direct and extensive control over the State organizing work she performed for Defendants between approximately February 2017 and August 2021;
(e) the Statewide Organizer duties Plaintiff carried out on a daily basis between approximately February 2017 and August 2021 for Defendants did not require specialized skills by Plaintiff; and
(f) Plaintiff's Statewide Organizer duties for Defendants between approximately February 2017 and August 2021 were an integral part of Defendants' operations.

12.     At all times material to this action, CEEP and OCC had fifteen (15) or more employees, individually and/or collectively, and constituted an employer or joint employer of

4

MATTEO-SALINAS within the meaning of Title VII, 42 U.S.C. §2000e(b), the FCRA, F.S. §760.02(7), and the ADEA, 29 U.S.C. §§623 and 630(b).

13.     Between approximately January 2018 and August 2021, CEEP and OCC paid MATTEO-SALINAS on a salaried basis while Plaintiff worked as a full-time employee of Defendants, with Plaintiff's final salary in 2021 being $62,000 per year.  See Exhibit F:  July 2021 CEEP Offer Letter to Plaintiff with Statewide Organizer Job Responsibilities and Benefits Summary.

14.     However, in 2018, 2019, and 2020, OCC paid MATTEO-SAINLAS's wages reflected on an IRS Forms 1099 for each of those years despite MATTEO-SALINAS always being an employee, not an independent contractor, of CEEP and OCC between 2018 and 2020.

15.     Likewise, in 2020 and 2021, CEEP paid at least part of MATTEO-SALINAS's wages reflected on an IRS Forms W-2 for the years 2020 and 2021 even though part of Plaintiff's wages were fraudulently reported by OCC for the year 2020 on an IRS Form 1099 despite MATTEO-SALINAS being an employee and part of MATTEO-SALINAS's wages in 2020 being reported by CEEP for the year 2021 on an IRS Form 2021.

16.     Throughout MATTEO-SALINAS's employment with CEEP and OCC between approximately February 2017 and August 2021, Plaintiff satisfactorily performed her assigned duties as Statewide Organizer in Florida for Defendants.

17.     In January 2021, March 2021, and April 2021, MATTEO-SALINAS made internal discrimination complaints to the Chairperson of CEEP's Board of Directors, Elizabeth Ricci, about race discrimination against CEEP employees.

18.     In April 2021, MATTEO-SALINAS complained to CEEP's Human Resources Manager, Kathryn Sain, about race discrimination within CEEP.

19.     Likewise, in April 2021/May 2021, MATTEO-SALINAS also made a complaint about race discrimination with CEEP to ADP TotalSource, an outsourced Human Resources management entity used by CEEP.

20.     However, no remedial action was taken by CEEP to address MATTEO-SALINAS's discrimination complaints.

21.     On August 19, 2021, Maxim Thorne, CEEP's Chief Executive Officer, notified MATTEO-SALINAS during a Zoom call that Plaintiff's employment was being terminated because of a purported violation of what was characterized as a "new communications policy" that supposedly required all CEEP newsletters to be approved by Thorne before newsletters were to be sent out—despite no such policy existing to MATTEO-SALINAS's knowledge and numerous male employees, including, for example, CEEP's Director for the State of Ohio, Nate Hall, not being disciplined by CEEP for the same workplace conduct.

22.     Moreover, CEEP hired approximately six (6) new employees during the last two months of MATTEO-SALINAS's employment when Plaintiff was then Forty-Two (42) years of age, and it was MATTEO-SALINAS's understanding that all of those newly hired employees were under the age of Thirty (30).

23.     In August 2021, CEEP treated male employees and/or employees who were substantially younger than MATTEO-SALINAS and/or who were less than Forty (40) years old and had less or similar qualifications as MATTEO-SALINAS more favorably than MATTEO-SALINAS because of discrimination against Plaintiff based upon her sex/gender, Female, and/or her age, in violation of Tile VII, the ADEA, and the FCRA.

24.     The reasons proffered by CEEP in August 2021 for terminating MATTEO-SALINAS's employment were false and known to be false by CEEP at the time of Plaintiff's

termination and instead were a pretext for unlawful disparate treatment, discrimination, and retaliation against MATTEO-SALINAS because of (a) Plaintiff's sex/gender, Female, in violation of Title VII and the FCRA; (b) Plaintiff's age in violation of the ADEA and FCRA; and (c) illegal retaliation for MATTEO-SALINAS's discrimination complaints in violation of Title VII and the FCRA.

### EXHAUSTION OF ADMINISTRATVIE REMEDIES

25.     On November 18, 2021, MATTEO-SALINAS filed a Charge of Discrimination against CEEP and OCC with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR), which the EEOC assigned separate Charge Numbers as EEOC Charge No. 510-2022-01093 (as to CEEP) and EEOC Charge No. 510-2022-01139 (as to OCC), alleging that she had been subjected to age and sex discrimination as well as retaliation in violation of Title VII, the ADEA, and the FCRA.  A copy of MATTEO-SALINAS's Charge of Discrimination filed with the EEOC on November 18, 2021 is attached hereto as Exhibit G.

26.     On or around March 21, 2022, the EEOC issued a Dismissal and Notice of Suit Rights to MATTEO-SALINAS in connection with Charge No. 510-2022-01093.  See Exhibit H, and on March 24, 2022, the EEOC provided MATTEO-SALINAS's Notice of Rights for EEOC Charge No. 510-2022-01093 to the undersigned counsel for MATTEO-SALINAS.

27.     As of June 16, 2022, more than One Hundred and Eighty (180) days have passed since the filing of MATTEO-SALINAS's Charge of Discrimination against CEEP and OOC on November 18, 2021 and the FCHR did not issue any determination concerning MATTEO-SALINAS's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint

under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," MATTEO-SALINAS has exhausted all administrative remedies under Florida as well as Federal law.

28.     MATTEO-SALINAS's Complaint in this action is being filed with the Court on June 16, 2022 within Ninety (90) days of MATTEO-SALINAS's receipt on March 24, 2022 of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2022-01093.

29.     All conditions precedent to the institution of this action have either occurred or been waived.

### COUNT I
### VIOLATIONs OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION

Plaintiff, MONICA MATTEO-SALINAS, reasserts and reaffirms the allegations of Paragraphs 1 through 29 as if fully set forth herein and further states that this is an action against CAMPUS ELECTION ENGAGEMENT PROJECT INC. for sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

30.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..." 42 U.S.C. §2000e-2(a)(1).

31.     In at least August 2021, MATTEO-SALINAS was subjected to disparate treatment by CEEP because of Plaintiff's sex/gender, Female, by, *inter alia*:  (a) CEEP disciplining MATTEO-SALINAS for conduct which CEEP did not discipline similarly situated male employees; and (b) CEEP terminating Plaintiff's employment on August 19, 2021 because of Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

32.     CEEP's disparate treatment of MATTEO-SALINAS because of Plaintiff's sex/gender, Female, was so severe and pervasive that it altered, the terms, conditions, and privileges of MATTEO-SALINAS's employment culminating with the termination of Plaintiff's employment in August 2021.

33.     A motivating factor behind CEEP's termination of MATTEO-SALINAS's employment in August 2021 was Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

34.     The reasons proffered and relied upon by CEEP for terminating MATTEO-SALINAS's employment were false and known to be false by CEEP at the time of Plaintiff's termination and instead were a pretext for unlawful disparate treatment and discrimination against MATTEO-SALINAS because of Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

35.     CEEP's violations of Title VII were intentional and were done with malice and reckless disregard for MATTEO-SALINAS's rights as guaranteed under the laws of the United States.

36.     MATTEO-SALINAS has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and damages as a direct result of CEEP's violations of 42 U.S.C. §2000e-2(a)(1).

37.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), MATTEO-SALINAS is entitled to recover from CEEP her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, MONICA MATTEO-SALINAS, demands judgment against Defendant, CAMPUS ELECTION ENGAGEMENT PROJECT INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including

but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.***

Plaintiff, MONICA MATTEO-SALINAS, reasserts and reaffirms the allegations of Paragraphs 1 through 29 as if fully set forth herein and further states that this is an action against CAMPUS ELECTION ENGAGEMENT PROJECT INC., for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

38.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39.     When MATTEO-SALINAS made internal discrimination complaints in January 2021, March 2021, and April 2021 to the Chairperson of CEEP's Board of Directors, Elizabeth Ricci, about race discrimination against CEEP employees, MATTEO-SALINAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

40.     When MATTEO-SALINAS complained to CEEP's Human Resources Manager, Kathryn Sain, in April 2021 about race discrimination within CEEP, MATTEO-SALINAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

41.     When MATTEO-SALES made a made a complaint about race discrimination in April 2021/May 2021 with CEEP through ADP TotalSource, the outsourced Human Resources

10

management entity used by CEEP, MATTEO-SALINAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

42.     MATTEO-SALINAS reasonably and in good faith believed between January 2021 and May 2021 that there was racially discriminatory employment practices within CEEP when Plaintiff made race discrimination complaints to CEEP in January 2021, March 2021, April 2021, and May 2021.

43.     CEEP intentionally retaliated against MATTEO-SALINAS on August 19, 2021 when CEEP terminated MATTEO-SALINAS's employment because of Plaintiff's repeated race discrimination complaints, in violation of 42 U.S.C. §2000e-3(a).

44.     CEEP's termination of MATTEO-SALINAS's employment in August 2021  was unlawful retaliation in violation of 42 U.S.C. §2000e-3(a) because of Plaintiff's good faith objections to CEEP's racially discriminatory employment practices.

45.     The fact that MATTEO-SALINAS engaged in activity protected by Title VII was a motivating factor in CEEP's termination of Plaintiff's employment in August 2021, in violation of 42 U.S.C. §2000e-3(a).

46.     The reasons proffered and relied upon by CEEP for terminating MATTEO-SALINAS's employment were false and known to be false by CEEP at the time of Plaintiff's termination and instead were a pretext for unlawful retaliation against MATTEO-SALINAS because of Plaintiff's repeated race discrimination complaints, in violation of 42 U.S.C. §2000e-3(a).

47.     CEEP's unlawful retaliation against MATTEO-SALINAS was intentional and done with malice and reckless disregard for MATTEO-SALINAS's rights as guaranteed under Title VII.

48.     As a direct and proximate result of CEEP's unlawful retaliation against MATTEO-SALINAS, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of CEEP's violations of 42 U.S.C. §2000e-3(a).

49.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), MATTEO-SALINAS is entitled to recover her reasonable attorneys' fees and costs from CEEP.

WHEREFORE, Plaintiff, MONICA MATTEO-SALINAS, demands judgment against Defendant, CAMPUS ELECTION ENGAGEMENT PROJECT INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT III
### SEX/GENDER AND AGE DISCRIMINATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, MONICA MATTEO-SALINAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 29 above and further states that this is an action against CAMPUS ELECTION ENGAGEMENT PROJECT INC. for sex/gender discrimination in violation of Florida Statutes §760.10(1).

50.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, pregnancy, national origin, **age**, handicap, or marital status."  F.S. §760.10(1)(a).

51.     At all times material to this action, MATTEO-SALINAS has been an aggrieved person within the meaning of F.S. §760.02(10).

52.     In at least August 2021, MATTEO-SALINAS was subjected to disparate treatment by CEEP because of Plaintiff's sex/gender, Female, and/or age, then Forty-Two (42) by, *inter alia*: (a) CEEP disciplining MATTEO-SALINAS for conduct which CEEP did not discipline similarly situated male and/or younger employees; and (b) CEEP terminating Plaintiff's employment on August 19, 2021 because of Plaintiff's sex/gender, Female, and/or age, in violation of F.S. §760.10(1).

53.     CEEP's disparate treatment of MATTEO-SALINAS because of Plaintiff's sex/gender, Female, and/or age, was so severe and pervasive that it altered, the terms, conditions, and privileges of MATTEO-SALINAS's employment culminating with the termination of Plaintiff's employment in August 2021.

54.     A motivating factor behind CEEP's termination of MATTEO-SALINAS's employment in August 2021 was Plaintiff's sex/gender, Female, and/or age, in violation of F.S. §760.10(1).

55.     The reasons proffered and relied upon by CEEP for terminating MATTEO-SALINAS's employment were false and known to be false by CEEP at the time of Plaintiff's termination and instead were a pretext for unlawful disparate treatment and discrimination against MATTEO-SALINAS because of Plaintiff's sex/gender, Female, and/or age, in violation of F.S. §760.10(1).

56.     CEEP's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for MATTEO-SALINAS's rights as guaranteed under the laws of the State

of Florida, such that MATTEO-SALINAS is entitled to punitive damages against CEEP pursuant to F.S. §760.11(5).

57.     MATTEO-SALINAS has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of CEEP's violations of F.S. §760.10(1).

58.     Pursuant to F.S. §760.11(5), MATTEO-SALINAS is entitled to recover her reasonable attorneys' fees and costs from Defendants as a result of CEEP's violations of the FCRA.

WHEREFORE, Plaintiff, MONICA MATTEO-SALINAS, demands judgment against Defendant, CAMPUS ELECTION ENGAGEMENT PROJECT INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10**

Plaintiff, MONICA MATTEO-SALINAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 29 above and further states that this is an action against CAMPUS ELECTION ENGAGEMENT PROJECT INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

59.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

60.     At all times material to this action, MATTEO-SALINAS has been an aggrieved person within the meaning of F.S. §760.02(10).

61.     When MATTEO-SALINAS made internal discrimination complaints in January 2021, March 2021, and April 2021 to the Chairperson of CEEP's Board of Directors, Elizabeth Ricci, about race discrimination against CEEP employees, MATTEO-SALINAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

62.     When MATTEO-SALINAS complained to CEEP's Human Resources Manager, Kathryn Sain, in April 2021 about race discrimination within CEEP, MATTEO-SALINAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

63.     When MATTEO-SALES made a made a complaint about race discrimination in April 2021/May 2021 with CEEP through ADP TotalSource, the outsourced Human Resources management entity used by CEEP, MATTEO-SALINAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

64.     MATTEO-SALINAS reasonably and in good faith believed between January 2021 and May 2021 that there was racially discriminatory employment practices within CEEP when Plaintiff made race discrimination complaints to CEEP in January 2021, March 2021, April 2021, and May 2021.

65.      CEEP intentionally retaliated against MATTEO-SALINAS on August 19, 2021 when CEEP terminated MATTEO-SALINAS's employment because of Plaintiff's repeated race discrimination complaints, in violation of the FCRA, F.S. §760.10(7).

66.     CEEP's termination of MATTEO-SALINAS's employment in August 2021  was unlawful retaliation in violation of the FCRA because of Plaintiff's good faith objections to CEEP's racially discriminatory employment practices.

67.    The fact that MATTEO-SALINAS engaged in activity protected by Title VII was a motivating factor in CEEP's termination of Plaintiff's employment in August 2021, in violation of F.S. §760.10(7).

68.    The reasons proffered and relied upon by CEEP for terminating MATTEO-SALINAS's employment were false and known to be false by CEEP at the time of Plaintiff's termination and instead were a pretext for unlawful retaliation against MATTEO-SALINAS because of Plaintiff's repeated race discrimination complaints, in violation of F.S. §760.10(7).

69.    CEEP's violations of §760.10 were intentional and were done with malice and reckless disregard for MATTEO-SALINAS's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that MATTEO-SALINAS is entitled to punitive damages against CEEP pursuant to F.S. §760.11(5).

70.    MATTEO-SALINAS has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of CEEP's violations of F.S. §760.10(7).

71.    Pursuant to F.S. §760.11(5), MATTEO-SALINAS is entitled to recover her reasonable attorneys' fees and costs from CEEP as a result of CEEP's violations of the FCRA.

WHEREFORE, Plaintiff, MONICA MATTEO-SALINAS, demands judgment against Defendant, CAMPUS ELECTION ENGAGEMENT PROJECT INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT V
## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

Plaintiff, MONICA MATTEO-SALINAS, reasserts and reaffirms the allegations of Paragraphs 1 through 29 as if fully set forth herein and further states that this is an action against CAMPUS ELECTION ENGAGEMENT PROJECT INC. for age discrimination violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621, *et seq.*

72.     At all times material to this action, MATTEO-SALINAS was an individual protected by the ADEA, 29 U.S.C. §631(a), in that MATTEO-SALINAS was at least Forty (40) years of age.

73.     In at least August 2021, CEEP knowingly and willfully discriminated against MATTEO-SALINAS because of her age, then Forty-Two (42), in violation of 29 U.S.C. §623(a)(1).

74.     Moreover, in at least August 2021, CEEP treated employees who were substantially younger than MATTEO-SALINAS and/or who were less than Forty (40) years old and had less or similar qualifications as MATTEO-SALINAS more favorably than MATTEO-SALINAS, in violation of 29 U.S.C. §623(a)(1).

75.     Despite the fact that MATTEO-SALINAS satisfactorily performed her essential duties as a Statewide Organizer in Florida for CEEP between approximately February 2017 and August 2021, CEEP unlawfully terminated MATTEO-SALINAS in August 2021 because of MATTEO-SALINAS's age, in violation of 29 U.S.C. §623(a)(1).

76.     In August 2021, CEEP terminated MATTEO-SALINAS's employment because of a discriminatory animus or bias by CEEP against Plaintiff because of her age, then Forty-Two (42), in violation of the ADEA, 29 U.S.C. §623(a)(1).

77.     But for MATTEO-SALINAS's age, Plaintiff would not have been terminated from her employment by CEPP in August 2021, in violation of the ADEA, 29 U.S.C. §623(a)(1).

78.     CEEP's decision to terminate MATTEO-SALINAS's employment in August 2021 based upon Plaintiff's age constitutes intentional discrimination against Plaintiff in violation of the ADEA, 29 U.S.C. §623(a)(1).  In other words, but for MATTEO-SALINAS's age, Plaintiff would not have been fired by CEEP in August 2021 as a Statewide Organizer in Florida.

79.     CEEP terminated MATTEO-SALINAS's employment in August 2021 because of MATTEO-SALINAS's age and for a false and pretextual reason that was discriminatory because of MATTEO-SALINAS's age,

80.     The reasons proffered and relied upon by CEEP for terminating MATTEO-SALINAS's employment were false and known to be false by CEEP at the time of Plaintiff's termination and instead were a pretext for unlawful disparate treatment and discrimination against MATTEO-SALINAS because of Plaintiff's age, in violation of the ADEA, 29 U.S.C. §623(a)(1).

81.     As a direct and proximate result of CEEP's unlawful age discrimination against MATTEO-SALINAS in violation of the ADEA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, lost wages, back pay, lost bonuses and/or commissions, benefits, front pay, and other damages in amounts to be established at trial.

82.     CEEP's actions in violation of the ADEA were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, MATTEO-SALINAS's federally protected rights under the ADEA, as a result of which MATTEO-SALINAS is entitled, pursuant to 29 U.S.C. §216(b) and the ADEA, to liquidated damages from CEEP equal to back pay in an amount to be established at trial.

83.     Pursuant to 29 U.S.C. §216(b) and the ADEA, MATTEO-SALINAS is entitled to recover her reasonable attorneys' fees and costs from CEEP.

WHEREFORE, Plaintiff, MONICA MATTEO-SALINAS demands judgment against Defendant, CAMPUS ELECTION ENGAGEMENT PROJECT INC., for lost wages, back pay, lost bonuses and/or commissions, benefits such as health and pension benefits, front pay, liquidated damages, equitable relief including but not limited to interest, attorney's fees, costs and such other and further relief as the Honorable Court deems proper.

### COUNT VI
### TAX FRAUD IN VIOLATION OF 26 U.S.C. §7434

Plaintiff, MONICA MATTEO-SALINAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 29 above and further states that this is an action against Defendants, CAMPUS ELECTION ENGAGEMENT PROJECT INC. and OHIO CAMPUS COMPACT, for Tax Fraud violations under 26 U.S.C. §7434.

84.     Despite the fact that Defendants, CEEP and OCC, had full knowledge that MATTEO-SALINAS was an employee within the meaning of the law at all times between approximately February 2017 and August 2021, Defendants knowingly failed to issue Plaintiff accurate IRS W-2 Forms for multiple years including at least 2017, 2018, 2019, and 2020 as part of CEEP and OCC: (a) willfully avoiding Defendants' obligations to comply with applicable tax and wage & hour laws; (b) Defendants instead fraudulently issuing IRS 1099 Forms to MATTEO-SALINAS for at least the years 2018, 2019, and 2020 when OCC issued IRS Forms 1099 to MATTEO-SALINAS for the year 2019 in the amount of $54,016.00 and the year 2020 in the amount of $39,960.00, see Exhibits B and C, and CEEP likewise issued MATTEO-SALINAS an IRS Form W-2 for the year 2020 in the amount of $17,640.00 in gross wages, and the year 2021 in the amount of $37,921.50 in gross wages, see Exhibits D and E.

85.     Between approximately February 2017 and August 2021, MATTEO-SALINAS performed the same essential job duties on a continuous basis as a permanent, full-time employee as a Statewide Organizer in Florida, but OCC nonetheless issued IRS Forms 1099 to MATTEO-SALINAS for at least 2019 and 2020 while CEEP knowingly issued an IRS W-2 Form to MATTEO-SALINAS for the year 2021 that CEEP knew failed to reflect all of the actual wages earned by MATTEO-SALINAS.

86.     The IRS 1099 Forms and information returns issued by OCC to MATTEO-SALINAS for at least the years 2018, 2019, and 2020 were fraudulent and known to be fraudulent by Defendants at the time the returns were issued by OCC, while CEEP likewise knowingly issued a fraudulent IRS Form W-2 to MATTEO-SALINAS for the year 2020 as part of Defendants' prolonged efforts to avoid Defendants' responsibility to pay applicable employment and income taxes required by State and Federal law by employers with respect to all of the actual wages earned by MATTEO-SALINAS.

87.     As a result of the filing of fraudulent IRS 1099 and W-2 Forms and information returns for at least the years 2018, 2019, and 2020 by CEEP and OCC with respect to MATTEO-SALINAS—when OCC did not withhold and remit or pay applicable employment and income taxes in connection with the compensation paid to Plaintiff for her continuous work for Defendants between 2018 and 2020—and CEEP likewise knowingly failed to pay in at least 2018, 2019, and 2020, the applicable employment and income taxes for all of the actual wages earned by MATTEO-SALINAS as a Statewide Organizer in Florida—despite Plaintiff being an "employee" as a matter of law—MATTEO-SALINAS suffered damages.

88.     Pursuant to 26 U.S.C. §7434(b), MATTEO-SALINAS is entitled to damages from CEEP and OCC for Defendants' violations of 26 U.S.C. §7434, in an amount *per violation* that is

equal to the greater of (a) $5,000.00 per violation; or (b) the actual damages sustained by Plaintiff as a proximate result of Defendants' fraudulent IRS Forms 1099 and/or W-2 and information return filings for at least 2018, 2019, and 2020.

89.     Pursuant to 26 U.S.C. §7434(b)(2)-(3), MATTEO-SALINAS is entitled to recover her reasonable attorneys' fees and costs from CEEP and OCC under Count VI of this Complaint.

WHEREFORE, Plaintiff, MONICA MATTEO-SALINAS, demands judgment against Defendants, jointly and severally, CAMPUS ELECTION ENGAGEMENT PROJECT INC. and OHIO CAMPUS COMPACT, for damages, attorneys' fees, and costs pursuant to 26 U.S.C. §7434.

## JURY TRIAL DEMAND

MONICA MATTEO-SALINAS demands trial by jury on all issues so triable.

Dated:  June 16, 2022                              Respectfully submitted,

                              By:     **s/KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000
                                      E-mail:  employlaw@keithstern.com
                                      LAW OFFICE OF KEITH M. STERN, P.A.
                                      80 S.W. 8th Street, Suite 2000
                                      Miami, Florida 33132
                                      Telephone:  (305) 901-1379
                                      Facsimile:  (561) 288-9031
                                      Attorneys for Plaintiff

# EXHIBIT A

# Ohio Campus Compact Campus Vote Initiative

<u>Contractual Agreement</u>

With: Monica Matteo Salinas

Effective: 2/1/2017 to 12/1/2017

1

# Ohio Campus Compact Contractual Agreement

SECION A: Parties to the Agreement

THIS AGREEMENT is made and entered into and between Ohio Campus Compact (OCC) 615 North Pearl Street, Granville, Ohio 43023 as the managing agent for the Ohio 2016 Campus Vote Initiative and Monica Matteo Salinas (Contractor), Social Security # xxx-xx-xxxx

SECTION B: Terms of Agreement

1. DESCRIPTION OF SERVICES: Contractor agrees to provide services as set forth and described in Exhibit A, entitled Job Description, which is incorporated herein by reference. Contractor further warrants that she possesses the requisite skills and or resources to provide said services.

2. COMPENSATION FOR SERVICES: OCC agrees to pay the Contractor within 30 days according to the schedule set forth in Exhibit B, which is incorporated herein by reference. For any reimbursement of miscellaneous out-of-pocket expenses, the Contractor will furnish receipts and or other appropriate documentation as required by OCC. All funds paid to satisfy this contract will be withdrawn from Campus Election Engagement Project Funds held in account at Ohio Campus Compact and made payable to said Contractor on request.

3. TERMS OF AGREEMENT: This agreement shall be in effect from 2/1/2017 to 8/1/2017, unless terminated by one of the parties as provided below. In no event shall this contract be construed to obligate OCC beyond the current year.

4. 90-DAY TRAINING PERIOD: Newly hired contract employees are in "training" status for the first 90 days. This period is a time for the employee to demonstrate his/her ability, interest, and skill on the job to determine the degree to which the employee satisfies the organizational needs, staff works styles, and expectations. Further, given the fact that Ohio is an "employment-at-will" state, during the period of employment, both OCC and the employee retain the right to terminate the employment at any time with or without cause. At the conclusion of the 90-day period, the supervisor will review an employee's performance. At the discretion of the supervisor, and with the approval of the OCC Executive Director, on of three actions will occur: (1) Replacement of the training status with that of regular contact employee; (2) Continuation of training status up to an additional 30 days; (3) Termination.

5. CERTIFICATION OF AVAILABLE FUNDS: Obligations of OCC under this contract are subject to the determination of the Executive Director of OCC that funds have been deposited to the Campus Vote Initiative Fund account held by Ohio Campus Compact and are available to be appropriated for this purpose.

6. NATURE OF RELATIONSHIP: It is fully understood and agreed that the Contractor is not an employee of OCC or the State of Ohio, and therefore: (1) Is not eligible for any fringe benefits; and (2) Is responsible for payment of all city, state and federal taxes on income, including any unemployment and workers' compensation premiums OCC will report payments under this contract via form 1099 if annual earnings equal $600 or more. OCC does not withhold any portion of the Contractor's payment.

7. SUCCESORS AND ASSIGNS: Neither this contract or any rights hereunder may be assigned or transferred in whole or part by either party, without the prior written consent

2

of the other party. The work contemplated in this contract is to be performed by the Contractor, who may subcontract without OCC's approval for the purpose of articles, supplies, components or special mechanical services that do not involve the type of work or services described in Exhibit A, but which are required for its satisfactory completion. The Contractor shall not enter into other subcontracts without written approval by OCC. All work subcontracted shall be at the expense of the Contractor.

8. <u>CONFLICT OF INTEREST</u>: Contractor certifies that there exists no personal interest wherein the acceptance of this contract would be incompatible with or in conflict with the proper discharge and fulfillment of the duties and responsibilities detailed herein. Contractor further agrees to refrain from the voluntary acquisition of any such interest prior to the completion of said work and to inform OCC of any involuntary conflict of interest. Contractor shall not participate in any action affecting the work under this contract unless OCC shall determine that, in light of the personal interest disclosed, her participation in any such action would not be contrary to the public interest.

9. <u>CHANGES/MODIFICATIONS</u>: OCC and the Contractor agree that OCC may make adjustments in the total amount of this contract as may be necessary to provide essential services; adjustments shall not cause OCC to exceed annual allocations. An increase in the rate or change in type of service maybe subject to approval by the OCC Board before any such change is valid and enforceable.

10. <u>TERMINATION OR DEFAULT</u>: Either party may terminate this contract by providing to the other party a written notice of the intended termination date. Such notice must be provided no less than 14 days prior to the intended termination. In the event that the Contractor should fail to provide any service described in Exhibit A, or should otherwise breach any provision contained herein, OCC may, by written notice to the Contractor, terminate the contract immediately. At its option, OCC may allow the Contractor to correct the deficiency within 10 days before giving notice of termination. Termination pursuant to this paragraph will relieve either party of further obligation under this contract. In no event will OCC be obligated to pay for any services not actually performed by the Contractor.

11. <u>RECORDS RETENTION</u>: The Contractor shall maintain independent books, records, documents, and papers involving transactions relative to the performance of this contract that reflect all direct and indirect costs of any nature expended in the performance thereof. These records, books, documents, and papers shall be retained for seven (7) years unless OCC approves a shorter retention period, in writing. The Contractor may apply for such authorization after the contract year in which the final entry was made. Such records shall be made available and subject to audit and inspection at all reasonable times during the period of their required retention by individuals authorized by OCC.

12. <u>ENTIRE AGREEMENT: WAIVER SERVABILITY:</u> This contract, when signed by both parties, contains the entire agreement between the parties herein. No rights herein will be waived, unless specifically agreed upon in writing by the parties hereto. This contract supersedes any and all previous agreements, whether written or oral, between the parties. A waiver by any party of any breach or default by the other party under this contract shall not constitute a continuing waiver by such party of any subsequent act in breach of or in default hereunder.

In Witness whereof the parties have signed this agreement on the dates indicated:

3

OHIO CAMPUS COMPACT
Richard Kinsley, Executive Director, Ohio Campus Compact, 631 North Pearl Street, Granville,
Ohio 43023

Signature _____ Date_____

CONTRACTOR
Monica Matteo Salinas, Consultant
[ADDRESS]

Signature _____ Date_____

4

## Exhibit A - Contractor Job Description

Position:              Florida Statewide Organizer
Event:                 Campus Election Engagement Project
Under Contract to:     Ohio Campus Compact
Terms of Agreement:    2/2017-12/2017
Hours:                 Billable hours averaging up to 10-15 hours per week, to be assigned by
project founder Paul Loeb and National Director Amy Ludwig
                       Hours may increase with written authorization from Loeb or Ludwig.
Rate:                  $21.00 per hour, maximum payment for a weekly period $320.  May be
                       more for selected weeks like site visits, in which case an email pre-
                       authorization from Loeb or Ludwig will suffice to authorize the additional
                       hours.

### Description of Activities:

**Florida state work:** Work to prepare Florida schools for the 2017 and 2018 elections. This work will entail working with campus student, staff and faculty on long lead areas like securing on-campus polling stations; integrating classroom and voter registration; developing approaches and resources for greater faculty involvement, including replicating our James Madison University model of giving credit to students for participation in election engagement efforts and our West Chester model of securing work/study funds; working up templates for campus election websites, replicating ongoing campus-funded models like Ohio State's OSU Votes, working to have student governments allocate resources for 2017-2018, tracking electoral participation with our campus needs assessment, and convincing schools to sign on with the NSLVE survey of student electoral participation. Work may also include gathering reports from schools and creating reports on work.

### Monitoring and Evaluation of Services:
Will work under the supervision and oversight of CEEP National Director Amy Ludwig.

### Hours of Work and Worksite:
There are no prescribed hours of work for this position. A flex-time policy will be in place, where the contractor will record hours on the project. Monthly documentation of hours will be reported to Ohio Campus Compact for payment at the rate of $21.00 per hour at the end of the second week of the month. Hours may vary from week to week depending on the tasks to be accomplished. Additional hours can be authorized by CEEP founder Paul Loeb or National Director Ludwig.

## EXHIBIT B - Payment Schedule

OCC will pay Contractor upon receipt of an invoice from said Contractor that documents service performed per hour, at the reimbursement rate of $21 per hour.

Necessary out-of-pocket expenses are to be submitted to the executive director with receipts and justification. Out-of-pocket reimbursements are not considered payments under this contract.

5

Amounts paid under this contract for the time specified may not exceed the following levels, or a yearly total of $16,000 unless first authorized by an amendment to this contract.

**BILLABLE CONTRACTOR HOURS:** up to 750 hours during the course of the year.

**INVOICING INSTRUCTIONS:** Use the OCC Deposit/Payment Authorization forms provided by OCC to request payment for contracted hours and attach a monthly log of hours on the project. To request reimbursement for supplies, use the OCC Deposit/Payment Authorization form and attach highlighted documentation.

6

# EXHIBIT B

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | 1 Rents $ | OMB No. 1545-0115 |
|---|---|---|---|

OHIO CAMPUS COMPACT
615 N PEARL ST
GRANVILLE OH 43023

24011545
(740)587-8570

K7/HSG/2019/4/95688      /      /000007

**2019**

Form **1099-MISC**

**Miscellaneous Income**

**Copy B For Recipient**

**1** Rents $

**2** Royalties $

**3** Other income $

**4** Federal income tax withheld $

**5** Fishing boat proceeds $

**6** Medical and health care payments $

PAYER'S TIN     7478

RECIPIENT'S TIN

RECIPIENT'S name
MONICA H MATTEO-SALINAS

**7** Nonemployee compensation $ 54016.00

**8** Substitute payments in lieu of dividends or interest $

**9** Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐

**10** Crop insurance proceeds $

**11**

**12**

**13** Excess golden parachute payments $

**14** Gross proceeds paid to an attorney $

Account number (see instructions)
000007  K7/HSG  A

FATCA filing requirement ☐

15a Section 409A deferrals $

15b Section 409A income $

**16** State tax withheld $   $

**17** State/Payer's state no.
OH52-463732 9

**18** State income $ 54016.00   $

This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

Form **1099-MISC**     (keep for your records)     www.irs.gov/Form1099MISC     Department of the Treasury - Internal Revenue Service

# EXHIBIT C

PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.

OHIO CAMPUS COMPACT
615 N PEARL ST
GRANVILLE OH 43023

24011545
(740)587-8570

**2020**

Form **1099-NEC**

**Nonemployee
Compensation**

| 1 Nonemployee compensation | |
|---|---|
| $ 39960.00 | |
| 2 | |

Copy 2

To be filed with
recipient's state
income tax return,
when required.

PAYER'S TIN

7478

RECIPIENT'S TIN

XXX-XX-1768

3

RECIPIENT'S name
MONICA H MATTEO-SALINAS

Street address (including apt. no.)

4 Federal income tax withheld

$

City or town, state or province, country, and ZIP or foreign postal code

FATCA filing
requirement ☐

Account number (see instructions)

000007 K7/HSG A

| 5 State tax withheld | 6 State/Payer's state no. | 7 State income |
|---|---|---|
| $ | OH52-463732 9 | $ 39960.00 |
| $ | | $ |

Form **1099-NEC**

www.irs.gov/Form1099NEC    Department of the Treasury - Internal Revenue Service

- - - - - - - - - - - - - - - - - - - - - - - - Detach Here - - - - - - - - - - - - - - - - - - - - - - - -

☐ CORRECTED (if checked)

PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.

OHIO CAMPUS COMPACT
615 N PEARL ST
GRANVILLE OH 43023

24011545
(740)587-8570

OMB No. 1545-0116

**2020**

Form **1099-NEC**

**Nonemployee
Compensation**

K7/HSG/2020/4/92549      /      /000007

| 1 Nonemployee compensation | |
|---|---|
| $ 39960.00 | |
| 2 | |

Copy B
For Recipient

PAYER'S TIN

7478

RECIPIENT'S TIN

XXX-XX-1768

3

RECIPIENT'S name
MONICA H MATTEO-SALINAS

Street address (including apt. no.)                    ·

4 Federal income tax withheld

$

City or town, state or province, country, and ZIP or foreign postal code

MIAMI BEACH FL 33139

FATCA filing
requirement ☐

This is important tax
information and is
being furnished to
the IRS. If you are
required to file a
return, a negligence
penalty or other
sanction may be
imposed on you if
this income is taxable
and the IRS
determines that it has
not been reported.

Account number (see instructions)

000007 K7/HSG A

| 5 State tax withheld | 6 State/Payer's state no. | 7 State income |
|---|---|---|
| $ | OH52-463732 9 | $ 39960.00 |
| $ | | $ |

Form **1099-NEC**        (keep for your records)        www.irs.gov/Form1099NEC    Department of the Treasury - Internal Revenue Service

# EXHIBIT D

## W-2 Wage and Tax Statement 2020

**Employee Reference Copy**

Dept. for employee's records
d Control number     Dept.     Corp.     Employer use only
000061 NCT3/MI0 000100          A   EIC   12

c Employer's name, address, and ZIP code
ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

Batch #02366

a Employee's name, address, and ZIP code
MONICA MATTEO SALINAS

| | | |
|---|---|---|
| b Employer ID number | | a Employee's SSA number |
| 5168 | | XXX-XX-1768 |
| 1 Wages, tips, other comp. | | 2 Federal income tax withheld |
| 16698.78 | | |
| 3 Social security wages | | 4 Social security tax withheld |
| 16698.78 | | 1035.32 |
| 5 Medicare wages and tips | | 6 Medicare tax withheld |
| 16698.78 | | 242.13 |
| 7 Social security tips | | 8 Allocated tips |
| 9 | | 10 Dependent care benefits |
| 11 Nonqualified plans | | 12a See instructions for box 12 |
| | | DD   2570.36 |
| 14 Other | | 12b |
| | | 12c |
| | | 12d |
| | | 13 Stat emp/Ret. plan/3rd party sick pay |

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|---|
| FL | | |
| 17 State income tax | | 18 Local wages, tips, etc. |
| 19 Local income tax | | 20 Locality name |

## 2020 W-2 and EARNINGS SUMMARY

This blue section is your Earnings Summary which provides more detailed information on the generation of your W-2 statement. The reverse side includes instructions and other general information.

1. Your Gross Pay was adjusted as follows to produce your W-2 Statement.

| | Wages, Tips, other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 5 of W-2 | FL. State Wages, Tips, Etc. Box 16 of W-2 |
|---|---|---|---|---|
| Gross Pay | 17,640.00 | 17,640.00 | 17,640.00 | |
| Less Other Cafe 125 | 941.22 | 941.22 | 941.22 | |
| Reported W-2 Wages | 16,698.78 | 16,698.78 | 16,698.78 | |

2. Employee Name and Address.

MONICA MATTEO SALINAS

© 2000 ADP, Inc.

---

| | | |
|---|---|---|
| 1 Wages, tips, other comp. | | 2 Federal income tax withheld |
| 16698.78 | | |
| 3 Social security wages | | 4 Social security tax withheld |
| 16698.78 | | 1035.32 |
| 5 Medicare wages and tips | | 6 Medicare tax withheld |
| 16698.78 | | 242.13 |
| d Control number   Dept. | Corp. | Employer use only |
| 000061 NCT3/MI0 000100 | | A   EIC   12 |

c Employer's name, address, and ZIP code
ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

| | | |
|---|---|---|
| b Employer ID number | | a Employee's SSA number |
| 5168 | | XXX-XX-1768 |
| 7 Social security tips | | 8 Allocated tips |
| 9 | | 10 Dependent care benefits |
| 11 Nonqualified plans | | 12a See instructions for box 12 |
| | | DD   2570.36 |
| 14 Other | | 12b |
| | | 12c |
| | | 12d |
| | | 13 Stat emp/Ret. plan/3rd party sick pay |

a/f Employee's name, address and ZIP code
MONICA MATTEO SALINAS

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|---|
| FL | | |
| 17 State income tax | | 18 Local wages, tips, etc. |
| 19 Local income tax | | 20 Locality name |

**Federal Filing Copy**
Copy B to be filed with employee's Federal Income Tax Return.

## W-2 Wage and Tax Statement 2020

---

| | | |
|---|---|---|
| 1 Wages, tips, other comp. | | 2 Federal income tax withheld |
| 16698.78 | | |
| 3 Social security wages | | 4 Social security tax withheld |
| 16698.78 | | 1035.32 |
| 5 Medicare wages and tips | | 6 Medicare tax withheld |
| 16698.78 | | 242.13 |
| d Control number   Dept. | Corp. | Employer use only |
| 000061 NCT3/MI0 000100 | | A   EIC   12 |

c Employer's name, address, and ZIP code
ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

| | | |
|---|---|---|
| b Employer ID number | | a Employee's SSA number |
| 5168 | | XXX-XX-1768 |
| 7 Social security tips | | 8 Allocated tips |
| 9 | | 10 Dependent care benefits |
| 11 Nonqualified plans | | 12a See instructions for box 12 |
| | | DD   2570.36 |
| 14 Other | | 12b |
| | | 12c |
| | | 13 Stat emp/Ret. plan/3rd party sick pay |

a/f Employee's name, address and ZIP code
MONICA MATTEO SALINAS

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|---|
| FL | | |
| 17 State income tax | | 18 Local wages, tips, etc. |
| 19 Local income tax | | 20 Locality name |

**FL.State Reference Copy**
Copy 2 to be filed with employee's State Income Tax Return.

## W-2 Wage and Tax Statement 2020

---

| | | |
|---|---|---|
| 1 Wages, tips, other comp. | | 2 Federal income tax withheld |
| 16698.78 | | |
| 3 Social security wages | | 4 Social security tax withheld |
| 16698.78 | | 1035.32 |
| 5 Medicare wages and tips | | 6 Medicare tax withheld |
| 16698.78 | | 242.13 |
| d Control number   Dept. | Corp. | Employer use only |
| 000061 NCT3/MI0 000100 | | A   EIC   12 |

c Employer's name, address, and ZIP code
ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

| | | |
|---|---|---|
| b Employer ID number | | a Employee's SSA number |
| 5168 | | XXX-XX-1768 |
| 7 Social security tips | | 8 Allocated tips |
| 9 | | 10 Dependent care benefits |
| 11 Nonqualified plans | | 12a |
| | | DD   2570.36 |
| 14 Other | | 12b |
| | | 12c |
| | | 13 Stat emp/Ret. plan/3rd party sick pay |

a/f Employee's name, address and ZIP code
MONICA MATTEO SALINAS

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|---|
| FL | | |
| 17 State income tax | | 18 Local wages, tips, etc. |
| 19 Local income tax | | 20 Locality name |

**FL.State Filing Copy**
Copy 2 to be filed with employee's State Income Tax Return.

## W-2 Wage and Tax Statement 2020

# EXHIBIT E

## 2021 W-2 and EARNINGS SUMMARY 

**Employee Reference Copy**

**W-2** Wage and Tax Statement **2021**
OMB No. 1545-0008

Copy C for employee's records.

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 000061 NCT3/M10 000100 | | | T 15 |

c Employer's name, address, and ZIP code

ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

Batch #03880

e/f Employee's name, address, and ZIP code

MONICA MATTEO SALINAS

| b Employer's FED ID number 5168 | a Employee's SSA number XXX-XX-1768 |
|---|---|
| 1 Wages, tips, other comp. 35654.01 | 2 Federal income tax withheld 1216.20 |
| 3 Social security wages 35654.01 | 4 Social security tax withheld 2210.55 |
| 5 Medicare wages and tips 35654.01 | 6 Medicare tax withheld 516.98 |
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 DD 5314.34 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |
| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

This blue section is your Earnings Summary which provides more detailed information on the generation of your W-2 statement. The reverse side includes instructions and other general information.

1. Your Gross Pay was adjusted as follows to produce your W-2 Statement.

| | Wages, Tips, other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 5 of W-2 | FL. State Wages, Tips, Etc. Box 16 of W-2 |
|---|---|---|---|---|
| Gross Pay | 37,921.50 | 37,921.50 | 37,921.50 | |
| Less Other Cafe 125 | 2,267.49 | 2,267.49 | 2,267.49 | |
| Reported W-2 Wages | 35,654.01 | 35,654.01 | 35,654.01 | |

2. Employee Name and Address.

MONICA MATTEO SALINAS

© 2021 ADP, Inc.

--- Fold and Detach Here ---

### Federal Filing Copy

| 1 Wages, tips, other comp. 35654.01 | 2 Federal income tax withheld 1216.20 |
|---|---|
| 3 Social security wages 35654.01 | 4 Social security tax withheld 2210.55 |
| 5 Medicare wages and tips 35654.01 | 6 Medicare tax withheld 516.98 |
| d Control number Dept. Corp. 000061 NCT3/M10 000100 | Employer use only T 15 |
| c Employer's name, address, and ZIP code | |

ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

| b Employer's FED ID number 5168 | a Employee's SSA number XXX-XX-1768 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a DD 5314.34 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address and ZIP code

MONICA MATTEO SALINAS

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

**W-2** Wage and Tax Statement **2021**
Copy B to be filed with employee's Federal Income Tax Return. OMB No. 1545-0008

### FL.State Reference Copy

| 1 Wages, tips, other comp. 35654.01 | 2 Federal income tax withheld 1216.20 |
|---|---|
| 3 Social security wages 35654.01 | 4 Social security tax withheld 2210.55 |
| 5 Medicare wages and tips 35654.01 | 6 Medicare tax withheld 516.98 |
| d Control number Dept. Corp. 000061 NCT3/M10 000100 | Employer use only T 15 |
| c Employer's name, address, and ZIP code | |

ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

| b Employer's FED ID number 5168 | a Employee's SSA number XXX-XX-1768 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a DD 5314.34 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address and ZIP code

MONICA MATTEO SALINAS

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

**W-2** Wage and Tax Statement **2021**
Copy 2 to be filed with employee's State Income Tax Return. OMB No. 1545-0008

### FL.State Filing Copy

| 1 Wages, tips, other comp. 35654.01 | 2 Federal income tax withheld 1216.20 |
|---|---|
| 3 Social security wages 35654.01 | 4 Social security tax withheld 2210.55 |
| 5 Medicare wages and tips 35654.01 | 6 Medicare tax withheld 516.98 |
| d Control number Dept. Corp. 000061 NCT3/M10 000100 | Employer use only T 15 |
| c Employer's name, address, and ZIP code | |

ADP TOTALSOURCE CO XXII
INC
CAMPUS ELECTION
10200 SUNSET DRIVE
MIAMI FL 33173

| b Employer's FED ID number 5168 | a Employee's SSA number XXX-XX-1768 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a DD 5314.34 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address and ZIP code

MONICA MATTEO SALINAS

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

**W-2** Wage and Tax Statement **2021**
Copy 2 to be filed with employee's State Income Tax Return. OMB No. 1545-0008

# EXHIBIT F

# CAMPUS ELECTION ENGAGEMENT PROJECT

July 27, 2021

Dear Monica Matteo-Salinas,

Campus Election Engagement Project (CEEP) is pleased to offer you the position of Statewide Organizer. You will work closely on, but not limited to, data driven statewide organizing (e.g., Florida and Key States) and intersectional and diverse youth civic empowerment. In this position, you will be reporting to the Co-Chiefs (Youth Civic Power, Campus Civic Power and Institutional Civic Power). The annual salary offered for this position is $62,000. Your start date at this position will be July 30, 2021.

Please note that your employment with CEEP is for no specified period and constitutes "at will" employme As a result, you are free to resign at any time, for any reason or for no reason. Similarly, CEEP is free terminate its employment relationship with you at any time, with or without cause.

Your acceptance of this position and commencement of employment with the Company are contingent upon your execution of this offer letter, job description and benefits summary.

You will be provided with additional information about CEEP's objectives, policies, and programs. To fu federal identification requirements, you will need to provide documentation to support your identity a eligibility to work in the United States.

We are pleased to have you join CEEP as a member of what we feel is an organization that offers ea employee an opportunity for personal and professional development. If you have any questions, please do n hesitate to contact me at maxim@campuselect.org.

We look forward to working with you and hope you will find your employment with the Campus Election Engagement Project a rewarding experience.


Sincerely,
Maxim Thorne
Chief Executive Officer
Campus Election Engagement Project

**ACCEPTED AND AGREED**

By (Print your name): *Monica Matteo-Salinas*  Date: 7-28-21

Please sign here: *Monica Matteo Salinas*

Nothing contained in this offer letter or any other documents provided is intended to be used, nor should be construed, as a guarantee regarding the

duration or term of employment.



# CAMPUS ELECTION ENGAGEMENT PROJECT

**July 27, 2021**

**Statewide Organizer**
**Campus Election Engagement Project**

> **Summary:** Manages campus, student, youth and stakeholder relationships in their region by performing the following duties personally or through subordinate supervisors.

### Job Responsibilities
- Engage college and universities in the state(s)
- Conduct Election Engagement Assessments and Reports with schools
- Help inform, develop and implement a communications plan to regularly connect with campus stakeholders
- Recruit, manage and coordinate campus contacts, students, youth and other community stakeholders in your region
- Learn voter registration, absentee and applicable voting rules for the states in your region; train others on these rules and regulations
- Research and develop state-specific materials, such as election calendars and vote plans
- Participate in weekly staff meetings, providing program updates and information
- Recruit and hire Student Fellows in accordance with the standards and practices of the National Fellowship Program
- Provide consistent feedback to Student Fellows regarding their performance and provide coaching and training to help them achieve their project goals
- Conduct state-level Fellows trainings and meetings
- Coordinate state-wide calls with faculty and administrators
- Help build upon the organizational strategic goals and plans
- Track and record institutional progress via Airtable, Google Sheets and SalesForce
- Submit timely project reports, as well as campus and Fellows files
- Other duties as assigned

### Supervisory Responsibilities
- Directly supervises Campus and Local Organizers within their region
- Carries out supervisory responsibilities in accordance with the organization's policies and procedures

### Qualifications
**Required:**
- Commitment to excellence and high standards

- Commitment to the values of Diversity, Equity and Inclusion
- Culturally competent
- Strong organizational, problem-solving and analytical skills
- Acute attention to detail
- Demonstrated proficiency in supervising and motivating organizers (e.g., students, young people generally and/or volunteers)
- Ability to deal effectively with a variety of individuals at all organizational levels (e.g., staff, faculty, advisors, students, volunteers)
- Proficient on Google Drive, AirTable, Slack and SalesForce

**Preferred:**
- Bachelor's degree in related field or equivalent
- One to two years related experience or equivalent (e.g., voter registration or outreach)
- Experience working in movement organizations, including ones focused on Voting Rights, Social Justice, Civil Rights or Youth
- Experience working with or within a higher education institution, including People of Color Serving Institutions (PoCSIs). HSIs and HBCUs are a plus.
- Fluency in one or more languages

**Competencies**
- Project Management: Develops project plans; coordinates projects; communicates change and progress; completes projects on time and budget; manages project team activities
- Teamwork: Balances team and individual responsibilities; exhibits objectivity and openness to others views; gives and welcomes feedback; contributes to building a positive team spirit; puts success of team over own interests; able to build morale and group commitments to goals and objectives; supports everyone's efforts to succeed
- Organizational Support: Follows policies and procedures; completes administrative tasks correctly and on time; supports organizational goals and values; supports affirmative action and respects diversity

**Other Requirements:**
- Available for travel as needed
- Extremely reliable and available on evenings and weekends for occasional events and conferences

**ACCEPTED AND AGREED**

By (Print your name) : ___Monica MatteoSalinao___ Date: _7-28-21_

Please sign here: ___Monica MatteoSalino___

 **CAMPUS ELECTION ENGAGEMENT PROJECT**

## NON-COMPETE CLAUSE

1. The Employee specifically agrees that while an employee of the Campus Election Engagement Project (CEEP) the Employee will not engage in professional paid activities that conflicts or competes, directly or indirectly, with CEEP.

If Employee violates the covenant contained in this Agreement, the employee may be terminated. In addition, CEEP shall have the right to equitable relief by injunction or otherwise, in addition to all other rights and remedies afforded by law.

**ACCEPTED AND AGREED**

By (Print your name) : MONICA Matteo Salinas     Date: 7-28-21

Please sign here: Monica Matteo Salinas

Nothing contained in this offer letter or any other documents provided is intended to be used, nor should be construed, as a guarantee regarding the duration or term of employment.

Nothing contained in this offer letter or any other documents provided is intended to be used, nor should be construed, as a guarantee regarding the duration or term of employment.



# CAMPUS ELECTION ENGAGEMENT PROJECT

**July 27, 2021**

**Statewide Organizer**
**Campus Election Engagement Project**

**Benefits Summary:**

| Benefit | Summary |
|---------|---------|
| Vacation | On the first day of the calendar year, regular full-time employees shall be granted a predetermined number of vacation leave days to be used within the year. The number of days granted shall be based on the number of continuous full years of service completed as of the employee's anniversary date in that calendar year |
| Sick Leave | 12 days/year (accumulation up to 90 days) |
| Holidays | 14 holidays (New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Good Friday (Friday before Easter), Primary Election Day (In lieu of this day off - you get a personal day), Memorial Day, Independence Day, Labor Day, General Election Day (In lieu of this day off - you get a personal day), Veterans' Day, Thanksgiving Day, Day after Thanksgiving, Christmas Eve, Christmas) |
| Group Health Insurance | Group health coverage is offered through ADP Total Source and is an AETNA plan. CEEP contributes $420 per month towards the cost of health insurance only. |
| Life Insurance | Not currently provided but may be available through ADP Total Source at the employee's discretion. CEEP does not contribute at this time. |
| Travel Accident Policy | Not currently provided but may be available through ADP Total Source at the employee's discretion. CEEP does not contribute at this time. |
| AD & D | Not currently provided but may be available through ADP Total Source at the employee's discretion. CEEP does not contribute at this time. |
| Long-term Disability | Not currently provided but may be available through ADP Total Source at the employee's discretion. CEEP does not contribute at this time. |
| Retirement & Annuity Plan | Not currently provided but may be available through ADP Total Source at the employee's discretion. CEEP does not contribute at this time. |

| Flexible Benefits Plan | Not currently provided but may be available through ADP Total Source at the employee's discretion. CEEP does not contribute at this time. |
| --- | --- |

**ACCEPTED AND AGREED**

By (Print your name) : _Monica Matteo-Salinas_ Date: _7-28-21_

Please sign here: _Monica Matteo Salinas_

Nothing contained in this offer letter or any other documents provided is intended to be used, nor should be construed, as a guarantee regarding the duration or term of employment.

# EXHIBIT G

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Monica Matteo-Salinas | | /1978 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | Miami Beach, Florida 33139 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Campus Election Engagement Project Inc. | 15+ | (773) 209-1424 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1040 N. Elmwood Avenue | Oak Park, Illinois 60302 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Ohio Campus Compact | 15+ | (740) 587-8570 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 615 N. Pearl Street | Granville, Ohio 43023 | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
Aug 19, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

In April 2017, Respondents hired me as the Statewide Organizer in Florida to conduct Florida-election assessments and manage a portfolio of accounts in Florida including, for example, communication, recruiting, and managing students throughout Florida for voter registration and engaging students in federal, state, and local elections in Florida. Between April 2017 and and August 2021, I was paid by Respondents on a salaried basis, with my final salary in 2021 being $62,000 per year, but in 2018, 2019, and 2020, Ohio Campus Project (OCC) paid my wages reflected on an IRS Form 1099 despite me always being an employee, not an independent contractor, while Campus Election Engagement Project Inc. (CEEP) paid me via an IRS Form W-2 for the year 2020.

Throughout my employment with Respondents between April 2017 and August 2021, I satisfactorily performed my assigned duties as Statewide Organizer in Florida.

In January 2021, March 2021, and April 2021, I made internal discrimination complaints to the Chairperson of CEEP's Board of Directors, Elizabeth Ricci, about race discrimination against CEEP employees. Similarly in April 2021, I complained to CEEP's Human Resources Manager, Kathryn Sain, about race discrimination within CEEP. Likewise, in April/May 2021, I also made a complaint about race discrimination within CEEP to ADP TotalSource, an outsourced Human Resources management entity used by CEEP. However, no remedial action was taken to address my internal discrimination complaints.

On August 19, 2021, Maxim Thorne, CEEP's Chief Executive Officer, notified me during a Zoom call that I my employment was being terminated because of a purported violation of what was characterized as a "new communications policy" that supposedly required all CEEP newsletters to be approved by Maxim Thorne before newsletters were to be sent out -- despite no such policy existing to my knowledge and numerous male employees, including, for example, the Director for the State of Ohio, Nate Hall, not being disciplined for the same workplace conduct. Moreover, CEEP hired approximately six (6) new employees during the last two months of my employment when I was Forty-Two (42) years of age, and all of those newly hired employees were under the age of Thirty (30).

I believe I was subjected to (1) disparate treatment and discrimination and unlawfully terminated because of (a) my age in violation of the Age Discrimination in Employment Act of 1967 and Florida Civil Rights Act (FCRA); and (b) my sex/gender, Female, in violation of Title VII of the Civil Rights Act of 1964 and FCRA; and (2) retaliation for my internal discrimination complaints in violation of Title VII & FCRA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| Nov 18, 2021   *Monica Matteo-Salinas (Nov 18, 2021 14:06 EST)*  Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT H

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/21/2022

**To:** Mrs. Monica Matteo-Salinas

Miami Beach, FL 33139

Charge No: 510-2022-01093

EEOC Representative and email:    Donn Dernick
                                 Investigator
                                 Donn.Dernick@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-01093.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Roberto Chavez
03/21/2022

Roberto Chavez
Acting Director

**Cc:**
Greisy Ledo
Legal Secretary
JACKSON LEWSI, P.C.
greisy.ledo@jacksonlewis.com
Scott S Allen
Attorney for Respondent
Jackson Lewis P.C.
scott.allen@jacksonlewis.com
Brenna Limbrick
Operations Manager
CAMPUS ELECTION ENGAGEMENT PROJECT, INC.
brenna@campuselect.org

Keith Stern
AttorneyLAW OFFICE OF KEITH M. STERN, P.A.
kms@workingforyou.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-01093 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)