UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-21858-JLK

MONICA MATTEO-SALINAS, an individual,

    Plaintiff,

v.

CIVIC INFLUENCERS, INC. f/k/a CAMPUS
ELECTION ENGAGEMENT PROJECT INC., a
Delaware Corporation, and
OHIO CAMPUS COMPACT, an Ohio
Corporation,

    Defendants.
_____/

**DEFENDANTS, CIVIC INFLUENCERS, INC.'S AND OHIO CAMPUS COMPACT'S, JOINT MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

Defendants, Civic Influencers, Inc. f/k/a Campus Election Engagement Project Inc. ("Civic Influencers")[1] and Ohio Campus Compact ("OCC") (collectively "Defendants"), by and through their respective undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), file their Joint Motion to Dismiss Count VI of the Complaint filed by Plaintiff, Monica Matteo-Salinas ("Plaintiff"), and state as follows in support thereof:[2]

---

[1] As of July 1, 2022, Campus Election Engagement Project Inc. has officially changed its corporate name to Civic Influencers, Inc. as reflected on the Florida Department of State website for the Division of Corporations.

[2] Civic Influencers concurrently files its Partial Answer and Statement of Affirmative Defenses as referenced in this Joint Motion to Dismiss Count VI of Plaintiff's Complaint. At the same time, Count VI of the Complaint is the only claim directed to OCC in the Complaint. As such, OCC does not concurrently file an Answer to the Complaint given that this Joint Motion to Dismiss Count VI of the Complaint constitutes the entirety of OCC's response needed at this time.

CASE NO. 1:22-cv-21858-JLK

## PRELIMINARY STATEMENT

In Count VI of the Complaint, Plaintiff alleges that Defendants engaged in tax fraud in violation of 26 U.S.C. § 7434.  The Court should dismiss Count VI of the Complaint against Defendants, with prejudice, for failure to state a claim.  Specifically, Plaintiff fails to allege (nor can she allege in good faith) that Defendants willfully filed a fraudulent information return "***with respect to payments***" made to Plaintiff.  26 U.S.C. § 7434(a) (emphasis added).  Instead, ***without alleging that any of the amounts paid to her were purportedly fraudulent***, all of the allegations in Plaintiff's Complaint relating to her Section 7434 claim focus solely on her alleged misclassification as an independent contractor—which courts in the Eleventh Circuit hold does not give rise to a claim under Section 7434.  *Compare* ECF No. 1, at ¶¶ 84-89 *with Austin v. Metro Dev. Grp., LLC*, No. 8:20-cv-1472-KKM-TGW, 2021 U.S. Dist. LEXIS 230260, at *7 (M.D. Fla. Dec. 1, 2021) (holding that relief under Section 7434 was unavailable to a plaintiff for alleged misclassification as an independent contractor "because the statute limits relief to information returns that include fraudulent information ***about the payments made to the recipient***") (emphasis added); *see also Elliott v. Barbeque Integrated, Inc.*, No. 19-62426-CIV-SINGHAL, 2020 U.S. Dist. LEXIS 95687, at *4-5 (S.D. Fla. May 29, 2020) (granting motion to dismiss Section 7434 claim where the plaintiff failed to allege that the defendant's reporting to the IRS deviated from ***the amount it paid*** to the plaintiff); *Kinne v. IMED Health Prods.*, No. 18-62183, 2019 U.S. Dist. LEXIS 110969, at *3 (S.D. Fla. July 3, 2019) (finding that the plaintiff adequately stated a claim under Section 7434 because the plaintiff's allegations related to the defendant's purported misstatement of the amount of money paid to the plaintiff).  Accordingly, because claims under Section 7434 are limited to instances where the reported ***amount of money paid*** on an information

return is allegedly fraudulent—that is, inaccurate or misleading—Plaintiff's Section 7434 claim should be dismissed.

Second, given that Plaintiff's Section 7434 claim focuses solely on her alleged misclassification as an independent contractor (as opposed to the purportedly fraudulent amounts of the payments made to her), Count VI of Plaintiff's Complaint also should be dismissed because Plaintiff *ipso facto* cannot allege that Defendants **_willfully issued a fraudulent information return_**. Indeed, Plaintiff's allegations about Defendants' alleged willful intent to issue purportedly fraudulent tax forms to Plaintiff by allegedly misclassifying her as an independent contractor are wholly irrelevant to Plaintiff's Section 7434 claim, which requires Plaintiff to allege that Defendants willfully misstated the amount of money paid to her. Because Plaintiff has not alleged the same (nor can she allege the same in good faith), her tax fraud claim should be dismissed on this ground as well.

Lastly, Count VI of Plaintiff's Complaint should be dismissed **_with prejudice_** because further amendment of Plaintiff's Section 7434 claim would be futile. Indeed, Plaintiff cannot in good faith allege that (1) the amounts paid to her were purportedly fraudulent, and (2) Defendants willfully intended to misstate the amounts of payments to Plaintiff on her tax forms. In this regard, Plaintiff has already admitted she was paid the amounts reflected on her tax forms as referenced by the IRS Forms attached to her Complaint, which she cannot now allege in good faith that such amounts were purportedly fraudulent. [ECF No. 1, at ¶¶ 84-89 (citing Exhibits B-E)]. Further, because she cannot allege in good faith that the amounts reflected on her tax forms were purportedly fraudulent, Plaintiff also cannot in good faith allege that Defendants **_willfully_** intended to misstate the amounts of payments to Plaintiff on her tax forms. Accordingly, Count VI of

CASE NO. 1:22-cv-21858-JLK

Plaintiff's Complaint should be dismissed **_without leave to amend_** because Plaintiff cannot in good faith allege a set of facts sufficient to state her Section 7434 claim.

## MEMORANDUM OF LAW[3]

**I. PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 7434 BECAUSE SHE FAILS TO ALLEGE THAT ANY AMOUNTS PAID TO HER WERE PURPORTEDLY FRAUDULENT**

To state a claim of tax fraud under Section 7434, Plaintiff must allege that: (1) Defendants issued an information return; (2) the information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return. *See, e.g.*, *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297-98 (S.D. Fla. 2014). Critically, although no United States Circuit Court has addressed the issue, district courts in the Eleventh Circuit have concluded that "Section 7434 creates a private cause of action **_only_** where the information return is fraudulent **_with respect to the amount purportedly paid to the plaintiff_**." *Kinne*, 2019 U.S. Dist. LEXIS 110969, at *10-11 (emphasis added) (citing *Tran v. Tran*, 239 F. Supp. 3d 1296, 1297 (M.D. Fla. 2017)); *see also Elliott*, 2020 U.S. Dist. LEXIS 95687, at *4-5 (finding that dismissal was warranted because the plaintiff did not allege that the defendant reported a different amount to the IRS than it had paid to the plaintiff); *Austin*, 2021 U.S. Dist. LEXIS 230260, at *8 (holding that Section 7434 claims can be premised "only on fraudulent amounts of payments" and citing "well-reasoned district court decisions [that] concur").

Indeed, while explaining that a plaintiff cannot state a claim under Section 7434 by merely alleging that he was misclassified as independent contractor (instead of as an employee), the court

---

[3] The Court is no doubt aware of the standard of review on a motion to dismiss, and such section describing the standard is, therefore, omitted.

4

in *Austin v. Metro Dev. Grp., LLC* thoroughly explained why Section 7434 claims can only be premised on the purportedly fraudulent amounts of payments to the plaintiff:

> Section 7434 provides a civil action when any person files a fraudulent information return "with respect to payments purported to be made to any other person." § 7434(a). The text informs the reader that the fraud—i.e., the "knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment"—concerns the "payments" made to the recipient. Indeed, the Supreme Court has interpreted the phrase "with respect to" to mean exactly that: the object of the prepositional phrase—here, "payments purported to be made"—constrains what comes before the prepositional phrase—here, "fraudulent information return." *See Collins v. Yellen*, 141 S. Ct. 1761, 1780-81 (2021) (confining the "rights of ... [a] stockholder" to those rights a stockholder holds "with respect to the regulated entity" (quotation omitted)). ***So any misclassification of an employee as an independent contractor by issuing a 1099 instead of a W-2 falls outside of the plain text of the civil cause of action created by § 7434***. *See Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 106 (D.D.C. 2020) (Nichols, J.) ("Plaintiffs cannot state a claim against Defendants under § 7434 merely for mischaracterizing them as independent contractors rather than employees or owners and thereby filing the wrong tax form."). Only claims for fraudulent amounts of payments may proceed.

*Austin*, 2021 U.S. Dist. LEXIS 230260, at *7-8 (internal footnote omitted) (emphasis added).[4]

Accordingly, "Section 7434 permits a civil action premised solely on fraudulent amounts of payment, not on an incorrect classification as an independent contractor, so any argument that the latter constitutes the fraud … fails as a matter of statutory interpretation." *Austin*, 2021 U.S.

---

[4] Notably, the *Austin* court continued its explanation as follows: "[o]ther district courts have also noted that allowing an action premised on a misclassification would ignore the meaning of 'information return.' Section 7434(f) defines 'information return' as any statement described in 26 U.S.C. § 6724(d)(1)(A), which in turn defines 'information return' as 'any statement of the *amounts of payments* to another person required by' nine statutes. (emphasis in original). Thus, a civil action under § 7434 premised on misclassification simply cannot be squared with section (a), which permits a civil action when someone 'files a fraudulent [statement of the amounts of payments] with respect to payments purported to be made to another person.'" *Austin*, 2021 U.S. Dist. LEXIS 230260, at *8-9 (internal citations omitted).

Dist. LEXIS 230260, at *10. Here, all of the allegations in Plaintiff's Complaint relating to her tax fraud claim under Section 7434 focus ***solely*** on her alleged misclassification as an independent contractor ***without alleging that any of the amounts paid to her were purportedly fraudulent*** or even incorrect or inaccurate. [ECF No. 1, at ¶¶ 84-89]. Indeed, Plaintiff attaches copies of the IRS W-2 and 1099 Forms issued to her in various years without alleging, in any way, that the amounts reflected in the Forms were purportedly fraudulent. [*Id.* at ¶¶ 84-89 (citing Exhibits B-E)]. Because Plaintiff's Section 7434 claim is premised ***solely*** on her alleged misclassification as independent contractor, and Plaintiff has not alleged (nor can she allege in good faith) that the amounts of the payments she received were purportedly fraudulent, her tax fraud claim fails as a matter of law and should be dismissed, with prejudice.[5]

## II. PLAINTIFF FAILS TO ALLEGE THAT DEFENDANTS *WILLFULLY* ISSUED A FRAUDULENT INFORMATION RETURN BECAUSE PLAINTIFF CANNOT ALLEGE THAT THE AMOUNTS OF MONEY PAID TO HER WERE PURPORTEDLY FRAUDULENT

With respect to the third element of Plaintiff's tax fraud claim, a Section 7434 claim "must contain specific factual allegations akin to the heightened standard for fraud under Federal Rule of

---

[5] Defendants are aware of this Court's Opinion on Damages in the following case: *Vanderbilt v. Boat Bottom Express Ltd. Liab. Co.*, No. 4:18-CV-10261-JLK, 2019 U.S. Dist. LEXIS 123284 (S.D. Fla. July 24, 2019). Although at first blush the opinion seems to suggest that a plaintiff can establish liability on a Section 7434 claim by alleging she was misclassified as an independent contractor, the procedural posture of the opinion is significant because the Court awarded damages to the plaintiff ***only after the defendants had defaulted*** (the Court had granted the plaintiff's uncontested motion for entry of final default judgment as to liability) ***and failed to appear for the uncontested evidentiary hearing for the plaintiff to prove her unliquidated damages***. See *Vanderbilt*, 2019 U.S. Dist. LEXIS 123284, at *4-5. Accordingly, the finding of liability against the defendants was premised upon the uncontested entry of final judgment as opposed to an underlying finding of liability based on the merits of the plaintiff's alleged claims. *See id.* As such, Defendants maintain that, in accordance with the "well-reasoned district court decisions [that] concur" on the misclassification issue, Section 7434 claims can be premised "only on fraudulent amounts of payments" to Plaintiff. *Austin*, 2021 U.S. Dist. LEXIS 230260, at *8; *see also Kinne*, 2019 U.S. Dist. LEXIS 110969, at *10-11 (citing *Tran*, 239 F. Supp. 3d, at 1297; *Elliott*, 2020 U.S. Dist. LEXIS 95687, at *4-5.

Civil Procedure 9(b)." *Jaramillo v. Moaz, Inc.*, No. 20-20106-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 151129, at *12-13 (S.D. Fla. Aug. 19, 2020). "Therefore, the pleading of a 26 U.S.C. § 7434 violation must contain specific allegations regarding the 'who,' 'what,' 'when,' 'why,' and 'how' surrounding the actual filing of tax information." *Id.*

Here, as discussed *supra* Point I., Plaintiff's Section 7434 claim is premised **_solely_** on her alleged misclassification as an independent contractor instead of the purportedly fraudulent amounts of payments made to her. As a result, all of Plaintiff's allegations about Defendants' alleged willful intent to issue purportedly fraudulent tax forms to Plaintiff—by allegedly misclassifying her as an independent contractor—are wholly irrelevant to her Section 7434 claim, leaving Count VI without any allegations required to allege that Defendants specifically intended to willfully misstate the amount of money paid to Plaintiff. *See supra* Point I. In sum, Plaintiff has failed to specifically allege (and she cannot specifically allege in good faith) the "'who,' 'what,' 'when,' 'why,' and 'how'" surrounding the purportedly fraudulent amounts of the payments made to her. *Jaramillo*, 2020 U.S. Dist. LEXIS 151129, at *12-13. Accordingly, because Plaintiff *ipso facto* cannot allege the third element of her Section 7434 claim (nor can she allege same in good faith), Count VI of Plaintiff's Complaint should also be dismissed, with prejudice, on this ground as well.

### III. FURTHER AMENDMENT OF COUNT VI WOULD BE FUTILE BECAUSE PLAINTIFF CANNOT ALLEGE IN GOOD FAITH THAT THE AMOUNTS PAID TO HER WERE PURPORTEDLY FRAUDULENT OR THAT DEFENDANTS _WILLFULLY_ MISSTATED THE AMOUNTS SHE WAS PAID

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give leave when justice so requires." At the same time, however, a district court need not allow leave to amend where such amendment would be futile. *See, e.g.*, *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th

Cir. 2001). "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

Here, Count VI of Plaintiff's Complaint should be dismissed, with prejudice, because further amendment of Plaintiff's Section 7434 claim would be futile where Plaintiff cannot allege in good faith that (1) the amounts paid to her were purportedly fraudulent, and (2) Defendants willfully intended to misstate the amounts of payments to Plaintiff on her tax forms. In this regard, not once does Plaintiff currently allege in her Complaint that the amounts of the payments reflected on her tax forms were fraudulent, let alone even incorrect or inaccurate, and she cannot in good faith make such allegations in an amended complaint because she has already admitted she was paid the amounts reflected on her tax forms as referenced by the IRS Forms attached to her Complaint. [ECF No. 1, at ¶¶ 84-89 (citing Exhibits B-E)].

Indeed, as discussed above, the entirety of Plaintiff's Section 7434 claim boils down to her allegation that Defendants fraudulently misclassified her as an independent contractor—not that she was fraudulently paid a different amount of money than reflected on her tax forms, which is the operative allegation required to state a claim under Section 7434 in the first instance. *See supra* Point I. To allow Plaintiff the opportunity to now amend Count VI of the Complaint to allege that the admittedly correct amounts reflected on her tax forms were misstated would in and of itself call into question the legitimacy of Plaintiff's Section 7434 Claim, which was evidently never intended to be based on the amounts of money she was paid.

In turn, Plaintiff cannot in good faith allege that Defendants ***willfully*** intended to misstate the amounts of payments to Plaintiff on her tax forms because she cannot allege in good faith that the amounts reflected on her tax forms were purportedly fraudulent. *See supra* Point II. In other words, even if permitted to amend, Plaintiff will be unable to specifically allege in good faith that

Defendants' intent was to willfully misstate the amounts paid to Plaintiff on her tax forms because Plaintiff has already conceded those amounts were correct.

Accordingly, the Court should dismiss Count VI of Plaintiff's Complaint—without leave to amend—because Plaintiff cannot in good faith allege a set of facts sufficient to state her Section 7434 claim, and any amendment would be futile.

## CONCLUSION

For all of the foregoing reasons, Defendants, Civic Influencers, Inc. and Ohio Campus Compact, respectfully request that the Court dismiss Count VI of Plaintiff's Complaint, with prejudice. Defendants further request that that Court award such other relief as it deems appropriate, including an order requiring Plaintiff to pay Defendants their reasonable attorneys' fees and costs incurred in defending against Count VI of Plaintiff's Complaint.[6]

Dated: August 15, 2022                      Respectfully submitted,

| | |
|---|---|
| *s/ Anastasia Protopapadakis* | *s/ Scott S. Allen* |
| Anastasia Protopapadakis, Esq. | Scott S. Allen, Esq. |
| Florida Bar No. 0966878 | Florida Bar No. 143278 |
| E-mail: *anastasia.protopapadakis@gray-robinson.com* | E-mail: *scott.allen@jacksonlewis.com* |
| E-mail: *danieska.cuarezma@gray-robinson.com* | Jason A. Anon, Esq. |
| E-mail: *lourdes.federici@gray-robinson.com* | Florida Bar No. 1017727 |
| GRAY\|ROBINSON | E-mail: *jason.anon@jacksonlewis.com* |
| 333 S.E. 3rd Avenue, Suite 3200 | JACKSON LEWIS P.C. |
| Miami, Florida 33131 | One Biscayne Tower, Suite 3500 |
| Telephone: (305) 416-6880 | Two South Biscayne Boulevard |
| Facsimile: (305) 416-6887 | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | Facsimile: (305) 373-4466 |
| *Counsel for Defendant, Ohio Campus Compact* | |
| | *Counsel for Defendant, Civic Influencers, Inc.* |

---

[6] Notably, Plaintiff and counsel have been on notice since at least October 4, 2021, that Plaintiff's tax fraud claim has no merit. *See* letter from counsel for Civic Influencers to Plaintiff's counsel attached hereto as Exhibit "A."

9

CASE NO. 1:22-cv-21858-JLK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on August 15, 2022, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Jason A. Anon*
Jason A. Anon, Esq.

## SERVICE LIST

Keith M. Stern, Esq.
Florida Bar No. 321000
E-mail: *employlaw@keithstern.com*
LAW OFFICE OF KEITH M. STERN, P.A.
80 SW 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Facsimile: (561) 288-9031

*Counsel for Plaintiff*

Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *scott.allen@jacksonlewis.com*
Jason A. Anon, Esq.
Florida Bar No. 1017727
E-mail: *jason.anon@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant, Civic Influencers, Inc.*

Anastasia Protopapadakis, Esq.
Florida Bar No. 0966878
E-mail: *anastasia.protopapadakis@gray-robinson.com*
E-mail: *danieska.cuarezma@gray-robinson.com*
E-mail: *lourdes.federici@gray-robinson.com*
GRAY|ROBINSON
333 S.E. 3rd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

*Counsel for Defendant, Ohio Campus Compact*

4864-2793-5278, v. 1